GARY M. RESTAINO
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Arizona State Bar No. 025407
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Patrick.Chapman@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Kaise Abbas Al-Harmooshi,

Defendant.

No. CR-21-00432-PHX-SMB

**UNITED STATES' SENTENCING MEMORANDUM**

The United States recommends that the Court sentence the defendant to 12 months and one day of imprisonment and opposes any further variance.

## I. FACTS

ATF began investigating the defendant in 2020 after several firearms he had purchased were recovered at crime scenes with short "times-to-crimes." (PSR at ¶ 12.) Subsequent investigation revealed that the defendant had purchased nine firearms from Tombstone Tactical in Phoenix and listed a false address. (*Id.*) Among the defendant's recoveries were a Taurus pistol recovered in Indianapolis 118 days after purchase, a Springfield XD pistol recovered in Glendale, Arizona 23 days after purchase, and another Taurus pistol recovered on a juvenile in Phoenix. (*Id*. at ¶ 13–15.)

Agents then researched the addresses on 64th Drive listed on the ATF Form 4473s associated with the defendant's purchases. (*Id*. at ¶ 17–20.) In doing so, agents learned that the defendant was not living at the address. (*Id*.)

On June 8, 2021, the United States indicted the defendant on eight counts of violations of 18 U.S.C. § 924(a)(1)(A), for lying about his address on ATF Form 4473. (*Id*. at ¶ 1.) On August 1, 2023, United States Marshals arrested the defendant in Maricopa County. (*Id*. at ¶ 2.) Following his release from custody on conditions, the defendant violated his release conditions multiple times for using cocaine and was detained. (*Id*. at ¶ 7.) On December 7, 2023, the defendant pleaded guilty to Count 1 of the Indictment. (*Id*. at ¶ 5.)

## II. PRESENTENCE REPORT GUIDELINES CALCULATION

The United States agrees with the PSR's guidelines calculation of Level 21, Criminal History Category I and 37-46 months of imprisonment, following adjustments for the number of firearms and acceptance of responsibility. (PSR at ¶ 30, 36–37.) The PSR calculated the defendant's Base Offense Level at 20 due to his cocaine abuse and the fact that one of the firearms had an extended magazine. (*Id*. at ¶ 20.) The PSR recommends a varied sentence of 12 months and one day of imprisonment. (*Id*. at p. 15.)

## III. ANALYSIS

The United States agrees with the PSR and recommends that the Court sentence the defendant to 12 months and one day of imprisonment followed by supervised release. This recommendation is appropriate for several reasons. First, the defendant's conduct in this case warrants such a sentence. Although charged with lying on ATF Form 4473 about his address, the firearm recoveries in this investigation show that the defendant was likely straw purchasing. There is no legitimate purpose for such conduct, which only serves to arm criminal organizations and promote violence. Further, one firearm was found in the possession of a juvenile.

Second, the defendant's history and characteristics support the recommended sentence. The defendant has no criminal history but appears to have a severe drug problem. This is evidenced by his multiple pretrial violations involving the use of cocaine. Assuming the defendant was straw purchasing, his drug addiction likely prompted his criminal

conduct. That said, the defendant was exposed to domestic violence between his parents at a young age and was significantly affected by his brother's suicide. (*Id.* ¶ 50, 53.)

Taking the defendant's conduct and history into account, the recommended sentence of 12 months and one day of imprisonment is appropriate here. But for the defendant's admissions, his Base Offense Level would have been considerably lower and he would have been facing a likely range of 12–18 months at Level 13 following acceptance of responsibility. The PSR's recommendation contemplates this. Accordingly, a sentence within that range justly punishes the defendant for his conduct and serves as a deterrent for future criminal acts.

## IV. CONCLUSION

The defendant lied on multiple firearms transaction forms and his firearms ended up in the hands of others after his purchases. This conduct presents a danger to the community by arming criminals and allowing them to conceal their activity. In light of the defendant's conduct and his performance while released in this case, a sentence of 12 months and one day of imprisonment is warranted.

Respectfully submitted this 3rd day of April, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Patrick E. Chapman*
PATRICK E. CHAPMAN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the foregoing date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

*Jeanette Alvarado, Attorney for Defendant*

*/s/ R. Galvin*
U.S. Attorney's Office